IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FREDERICK SCHNEIDER, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | CIVIL NO. 08-5981 (JBS) |
| LEGAL SERVICES CORPORATION, et al., | **OPINION** |
| Defendants. | |

**APPEARANCES:**

Frederick Schneider
P.O. Box 8016
Atlantic City, NJ 08404
     Plaintiff appearing pro se

**SIMANDLE**, District Judge:

     Plaintiff Frederick Schneider, proceeding without a lawyer, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915 against Defendants Legal Services Corporation, South Jersey Legal Services, Inc., Helaine M. Barnett, Douglas E. Gershuny, Ann M. Gorman, Trianna L. Rodgers, Kenneth M. Goldman, James M. McClain, Richard D. Alten, Jay Feinman, and John Annunziato, alleging violations of his constitutional and statutory rights.  Because Plaintiff's complaint fails to state a claim upon which relief can be granted, the Court will dismiss the complaint without prejudice to refiling an amended complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. 28 U.S.C. 1915 REVIEW**

Plaintiff filed his Complaint on December 5, 2008.  Included with his Complaint, Plaintiff attached an application to proceed in forma pauperis in lieu of paying the $350 filing fee. [Docket Item 1.]  Based on this application to proceed without prepaying fees or costs and Plaintiff's affidavit of poverty, the Court will grant Plaintiff's application and direct the Clerk to file the Complaint without prepayment of the filing fee.  See 28 U.S.C. § 1915(a).

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief pursuant to 28 U.S.C. § 1915(e)(2). See Grayson v. Mayview State Hospital, 293 F.3d 103, 109-10 (3d Cir. 2002) (interpreting the screening provisions of § 1915(e)(2) as applying to all in forma pauperis complaints, whether filed by a prisoner or not); Brooks v. Central Dauphin School Dist., Civ. No. 09-2482, Slip Op. 2010 WL 771627 (M.D. Pa., Feb. 26, 2010) ("[d]espite the fact that Plaintiffs are not inmates complaining about prison conditions, § 1915(e)(2) applies to all in forma pauperis complaints, and not just to prisoners").  The Court will base this review on Plaintiff's factual allegations and claims for relief.

2

## II.  FACTUAL ALLEGATIONS

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that in November of 2007, he requested legal representation from Defendant South Jersey Legal Services (SJLS), and was assigned to Defendant SJLS staff attorney James M. McClain. (Compl. ¶¶ 8-9.)  He says that he met with Defendant McClain once on November 15, 2007 at which time Mr. McClain gave him legal advice on a pending landlord-tenant dispute.  (Id. at ¶ 10.)  Later that month when his legal dispute progressed, Plaintiff alleges that he tried to contact Mr. McClain again to request further representation.  (Id. at ¶¶ 11-12.)  However, Plaintiff alleges, at that time Defendant SJLS declined to provide further legal representation because they had discovered a potential conflict of interest between Plaintiff and SJLS. (Id. at ¶¶ 12-13.)  As a result of being denied further representation, Plaintiff alleges that he and his wife were later evicted from their residence.  (Id. at ¶¶ 14-15.)  Plaintiff claims that Defendants' denial of representation on this basis violated the Legal Services Corporation Act (LSCA), 42 U.S.C. § 2996 et. seq., as well as Plaintiff's rights under the First, Fifth and Fourteenth Amendments to the United States Constitution.

Plaintiff alleges that Defendant Legal Services Corporation

(LSC) is an entity of the United States Government, created by federal statute (the LSCA), which provides funding to SJLS and that Defendant Helaine Barnett is an officer of LSC.  (Compl. at ¶ 2.)  Further, Plaintiff alleges that Defendant SJLS is a New Jersey corporation, and that all other individual defendants are employees of SJLS.  (Id. at ¶ 3.)

Plaintiff seeks damages only (id. at ¶¶ 24-26), and sues under 42 U.S.C. §§ 1983 and 1985 (id. at ¶¶ 22-23), as well as directly under the Constitution (id. at ¶¶ 20-21), and for violation of the LSCA (id. at ¶¶ 18-19).

## III.  STANDARDS FOR SUA SPONTE DISMISSAL UNDER § 1915(e)

This Court is directed under § 1915(e)(2) to dismiss, at the earliest practicable time, in forma pauperis actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions.  Courteau v. United States, 287 F. App'x 159, 162 (3d

4

Cir. 2008) (not published); <u>Allah v. Seiverling</u>, 229 F.3d 220, 223 (3d Cir. 2000); <u>Tourscher v. McCullough</u>, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a <u>pro se</u> plaintiff.  <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 229 (3d Cir.2008); <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007).  Thus, to survive dismissal, Plaintiff's Complaint must contain sufficient factual matter, accepted as true, to plausibly allege all required elements of a cause of action.  <u>Ashcroft v. Iqbal</u>, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  Because Plaintiff proceeds <u>pro se</u>, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. at 94 (citations omitted).


**IV.  ANALYSIS**

   **A.  Section 1983 Actions**

Plaintiff seeks damages, in part, under 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory ...
> subjects, or causes to be subjected, any citizen of the
> United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or
> immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.  "A § 1983 claim has two essential elements:
(1) the conduct complained of must be 'committed by a person
acting under color of state law'; and (2) this conduct must
'deprive a person of rights, privileges, or immunities secured by
the Constitution or laws of the United States.'"  Burton v.
Kindle, Slip Op. 2010 WL 4487121 *1 (3d. Cir., Nov. 10, 2010)
(quoting Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993)).
Thus, to state a claim for relief under § 1983, a plaintiff must
allege that a defendant was acting under color of state law.  In
the present action, Plaintiff has made no such allegation.[1]  As a
result, Plaintiff fails to state a claim under § 1983.

**B.  Section 1985 Actions**

Plaintiff also seeks damages under 42 U.S.C. § 1985.
Plaintiff does not specify under which subsection of § 1985 he
seeks relief, but the Court, reading Plaintiff's Complaint

---

[1] Indeed, even if Plaintiff had alleged that defendants
operated under color of state law, the claim would be
insufficient on the basis of the facts alleged in this case.
See, e.g., Shahid v. Brooklyn Legal Services Corp., 114 F. App'x
35 (2d Cir. 2004) ("an attorney receiving public funds to
represent a client and performing a lawyer's 'traditional
functions' does not act under color of state law.") (quoting
Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997)).

6

liberally, presumes Plaintiff intends to seek relief under §
1985(3), which provides, in relevant part:

> If two or more persons in any State or Territory conspire .
> . . for the purpose of depriving, either directly or
> indirectly, any person or class of persons of the equal
> protection of the laws, or of equal privileges and
> immunities under the laws. . . [and] if one or more persons
> engaged therein do, or cause to be done, any act in
> furtherance of the object of such conspiracy, whereby
> another is injured in his person or property, or deprived of
> having and exercising any right or privilege of a citizen of
> the United States, the party so injured or deprived may have
> an action for the recovery of damages occasioned by such
> injury or deprivation, against any one or more of the
> conspirators.

42 U.S.C. § 1985(3).  To state a claim under § 1985(3), the
Supreme Court has stated that a plaintiff must allege, <u>inter
alia</u>, that "some racial, or perhaps otherwise class-based,
invidiously discriminatory animus [lay] behind the conspirators'
action." <u>Bray v. Alexandria Women's Health Clinic</u>, 506 U.S. 263,
268 (1993) (quoting <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102
(1971)).  In the present action, Plaintiff has alleged no
relevant racial or class-based discriminatory animus on the part
of any Defendant.  <u>See</u> <u>Bray</u>, 506 U.S. at 269 ("Whatever may be
the precise meaning of a 'class' for purposes of <u>Griffin</u>'s
speculative extension of § 1985(3) beyond race, the term
unquestionably connotes something more than a group of
individuals who share a desire to engage in conduct that the §
1985(3) defendant disfavors.").  As a result, Plaintiff fails to
state a claim under § 1985(3).

C. **Bivens** Actions

Plaintiff also appears to seek damages from Defendants directly under the Constitution, apparently for alleged violations of his First Amendment rights (articulated as "the right of dissent" in Compl. ¶ 21) and Fourteenth and Fifth Amendment rights to equal protection.  In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." Correctional Services Corp. v. Malesko, 534 U.S. 61, 66 (2001).  The Supreme Court found an implied damages remedy available under the Fourth Amendment.  Bivens, 403 U.S. at 397.  The Supreme Court has since recognized an implied damages remedy for other constitutional rights.  See, e.g., Davis v. Passman, 442 U.S. 228 (1979) (Fifth Amendment Due Process Clause); Carlson v. Green, 446 U.S. 14 (1980) (Eighth Amendment Cruel and Unusual Punishment Clause). To state a claim for damages under Bivens, a plaintiff must allege, inter alia, that the defendants charged are federal actors.  Brown v. Phillip Morris Inc., 250 F.3d 789, 800 (3d Cir. 2001).  In the present action, Plaintiff makes no such allegation for Defendant SJLS or any of its employees.[2]  Plaintiff does,

_____

[2] See also Gerena v. Puerto Rico Legal Services, Inc., 697 F.2d 447, 452 (1st Cir. 1983) (finding that plaintiff cannot state a claim under Bivens against a local legal services

however, allege that Defendant LSC is a federal entity such that
its acts could be actionable under a <u>Bivens</u> action.[3]  However,
Plaintiff makes no allegation that Defendant LSC took any direct
part in the injuries he claims to have received.  Plaintiff,
instead, claims that Defendant LSC is liable solely on a
principle of vicarious liability for the actions of SJLS and its
employees.  (Compl. ¶ 17.)  However, "vicarious liability is
inapplicable to <u>Bivens</u> and § 1983 suits."  <u>Ashcroft v. Iqbal</u>, __
U.S. __, 129 S.Ct. 1937, 1940 (2009).  As a result, Plaintiff
fails to state a claim for which relief can be granted under a
<u>Bivens</u> cause of action.

### D.  Implied Right of Action under LSCA 42 U.S.C. § 2996

Finally, Plaintiff alleges that the LSCA creates a duty
breached by Defendants to provide legal representation to
Plaintiff.  He therefore, seeks to imply a private right of
action from this alleged duty. (Compl. ¶¶ 18-19.)  Plaintiff does
not, however, cite to any specific provision of the LSCA which
gives rise to such a duty.  Reading Plaintiff's Complaint
liberally, the Court observes that § 2996e, titled "Powers,
duties, and limitations," authorizes the LSC "to provide

---

corporation merely on the basis that it receives funds from the
federal Legal Services Corporation).

    [3]  <u>See</u> <u>also</u> <u>Wilkinson v. Legal Services Corp.</u>, 27 F. Supp.
2d 32, 45 (D.D.C. 1998) (holding Legal Services Corp. is federal
actor for purposes of constitutional claim).

financial assistance to qualified programs furnishing legal assistance to eligible clients. . ." 42 U.S.C. § 2996e(a)(1)(A). This Court joins several other courts in concluding that neither this language nor any other in the LSCA creates a private right of action for a person aggrieved by a denial of representation such as allegedly suffered by Plaintiff.  "[T]here is no private cause of action under the [Legal Services Corporation] Act for persons aggrieved by violations of the Act." Fulz v. Neighborhood Legal Servs., 654 F. Supp. 881, 885 (W.D. Pa. 1987) (quoting Howard Gault Co. v. Texas Rural Legal Aid, Inc., 615 F. Supp. 916, 937 (N.D. Tex. 1985). See also, Shahid v. Brooklyn Legal Servs. Corp., 114 F. App'x 35 (2d Cir. 2004); Reg'l Mgmt. Corp. v. Legal Servs. Corp., 186 F.3d 457, 462-64 (4th Cir. 1999).  Moreover, nowhere has Congress created a personal right to be represented by a legal services lawyer upon demand.  As a result, Plaintiff fails to state a claim under which relief can be granted under the LSCA.

## V. CONCLUSION

Plaintiff's Complaint seeks damages under several theories of liability, but fails to sufficiently state any claim for relief that this Court is authorized to grant.[4] Consequently, the

---

[4] Because Plaintiff's Complaint does not seek relief under a theory of common-law negligence or state-law malpractice, the Court has not considered such claims.  However, to the extent

Court is compelled to dismiss the action <u>sua</u> <u>sponte</u> under §

1915(e)(2)(B)(ii), without prejudice.  The accompanying Order

will be entered.


**January 7, 2011**              **s/ Jerome B. Simandle**

Date                           JEROME B. SIMANDLE

                                   United States District Judge

---

that Plaintiff intends to seek relief under such state law
grounds, this Court declines to exercise its discretionary
supplemental jurisdiction under 28 U.S.C. § 1367(c).  <u>Carlsbad
Technology, Inc. v. HIF Bio, Inc.</u>, --- U.S. ---, 129 S.Ct. 1862,
1866-67 (2009).